UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:24-CR-9-REW-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MEAGAN BRITTANY MOUNCE, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 70 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Meagan Brittany Mounce's guilty plea and adjudge her guilty of Count One of the Indictment.  *See* DE 1 (Indictment); 65 (Plea Agreement); 71 at 2 (Recommendation of Acceptance of Guilty Plea). Judge Ingram expressly informed Mounce of her right to object to the recommendation and secure *de novo* review from the undersigned.  *See* DE 71 at 2-3.  The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'" (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver

1

and forfeiture); FED. R. CRIM. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 71, **ACCEPTS** Mounce's guilty plea, and **ADJUDGES** Mounce guilty of Count One of the Indictment.

2. The Court will issue a separate sentencing order.

3. Judge Ingram allowed Defendant to remain on bond pending acceptance of the plea. Mounce stands convicted of aggravated fentanyl trafficking. She is subject to mandatory detention per the terms of § 3143(a)(2). Mounce would have the burden to establish an exception under § 3143 or § 3145. Seeing no showing in the current record, the Court further directs Mounce to self-report to the United States Marshals Service in London, at the U.S. Courthouse, by **Monday July 29, 2024 at 1:00 p.m.** The Clerk shall alert her counsel to this Order, and counsel shall ensure that Mounce is aware of the self-report deadline.

This the 22nd day of July, 2024.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge